Scoeield, J.,
delivered the opinion of the court:
This claim was transmitted to the Court of Claims February-23, 1885, under the provisions of the act of March 3,1883, known as the Bowman Act (22 Stat. L., 485), by the Committee on War Claims of the House of Representatives.
By the first section of that act any committee of the Senate or House is authorized to transmit to this court any claim pending before it; but by the third section, the court is forbidden to take jurisdiction of any claim “ which is now (March 3,1883) barred by virtue of the provisions of any law of the United States.”
In this way it becomes the duty of the court to determine whether any case thus referred'was, at the date of the act, barred by any law of the United States.
This claim is founded upon a written contract between the parties, dated May 5, 1862, for the hire of a canal-boat named the Swan.
By section 1059 of the Revised Statutes, this court has jurisdiction of u all claims founded upon any contract, express or implied, with the Government of the United States,” and section 1069 provides that “ every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court * * * within six years after the claim first accrues.” As this claim originated in 1862, it was more than six years old on March 3, 1883, and was therefore barred.
It was stated in the argument, though not alleged in the petition, that the boat was burned by the defendants to prevent it falling into the hands of the enemy, which fact, it is urged, would deprive this court of jurisdiction under section 1059. If this position were well taken, the court would still be without jurisdiction under the Bowman Act, the third section of which provides that “ the j urisdiction of said court shall not extend to or include any claim against the United States growing out of the destruction or damage to property by the Army or Navy during the war for the suppression of the rebellion.
However just this claim may be, the court has no power to consider it, and the petition is therefore dismissed.
Nott, J., did not sit in this case and took no part in the de- • cisión.